IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Cassandra Johnson, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Tarrant County, et al.,<br><br>    Defendants. | Civil Action No. 4:24-cv-00682-O |

## Tarrant County's Motion to Dismiss with Brief in Support

STEPHEN A. LUND
State Bar No. 24086920
Assistant Criminal District Attorney

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 West Belknap, 9th Floor
Fort Worth, Texas 76196-0201
(817) 884-1233 – Telephone
(817) 884-1675 – Facsimile
Email: salund@tarrantcountytx.gov

**Attorney for Tarrant County**

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ......................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................. iii

Facts ........................................................................................................................................ 1

    1.   The Complaint fails to state a Section 1983 claim ........................................... 2

        1.1  This is a conditions of confinement case ..................................................... 2

        1.2  The County is not responsible for Wormley's drug use ............................. 4

            1.2.1  Plaintiffs did not establish a de facto policy of allowing drugs in the jail ............................................................................................................. 4

            1.2.2  Plaintiffs did not link Wormley's death to a County policy............. 7

    2.   The Court lacks jurisdiction over Plaintiffs' TTCA claims ............................. 8

        2.1  Plaintiffs' claim does not fall within the TTCA's limited waiver of Immunity ........................................................................................................ 8

        2.2.  Plaintiffs failed to satisfy the TTCA's jurisdictional notice requirement ................................................................................................. 11

        2.3  The County is immune from suit under the Controlled Substances Act .................................................................................................................. 12

Conclusion ........................................................................................................................... 15

Certificate of Service ........................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................2

*Cadena v. El Paso County*,
  946 F.3d 717 (5th Cir. 2020) ...................................................................................5

*City of Rio Grande City*,
  879 F.3d 613 (5th Cir. 2018) ...................................................................................4

*City of Tyler v. Likes*,
  962 S.W.2d 489 (Tex. 1997) ...................................................................................9

*City of Wylie v. Taylor*,
  362 S.W.3d 855 (Tex. App.—Dallas 2012, no pet.) ..............................................14

*Connick v. Thompson*,
  562 U.S. 51 (2011) ..................................................................................................7

*Dallas Cnty. Mental Health and Mental Retardation v. Bossley*,
  968 S.W.2d 339 (Tex. 1998) .......................................................................9, 10, 11

*Duvall v. Dallas County*,
  631 F.3d 203 (5th Cir. 2011) ................................................................................3, 4

*Estate of Bonilla by and through Bonilla v. Orange County*,
  982 F.3d 298 (5th Cir. 2020) ...........................................................................3, 7, 8

*Estate of Davis ex rel. McCully v. City of North Richland Hills*,
  406 F.3d 375 (5th Cir. 2005) ................................................................................4, 5

*Fraire v. City of Arlington*,
  957 F.2d 1268 (5th Cir. 1992) .................................................................................7

*Freeland v. Tarrant County*,
  789 F.App'x. 406 (5th Cir. 2019) .............................................................................6

*Gonzales v. Mathis Indep. Sch. Dist.*,
  978 F.3d 291 (5th Cir. 2020) .................................................................................11

*Hare v. City of Corinth*,
  74 F.3d 633 (5th Cir. 1996) .................................................................................................. 2

*Harmon v. City of Arlington*,
  16 F.4th 1159 (5th Cir. 2021) ............................................................................................... 8

*Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*,
  283 S.W.3d 838 (Tex. 2009) .............................................................................................. 13

*Harris County v. Annab*,
  547 S.W.3d 609 (Tex. 2018) ................................................................................................ 9

*Howell v. Town of Ball*,
  827 F.3d 515 (5th Cir. 2016) ................................................................................................ 2

*Howery v. Allstate Ins. Co.*,
  243 F.3d 912 (5th Cir. 2001) ................................................................................................ 8

*Kojo Wih Nkansah v. Univ. of Tex. at Arlington*,
  No. 02-10-00322-CV, 2011 WL 4916355 (Tex. App.—Fort Worth 2011,
  pet. denied) ........................................................................................................................ 14

*McLin v. Twenty-First Judicial Dist.*,
  79 F.4th 411 (5th Cir. 2023) ................................................................................................. 8

*Mi Familia Vota v. Ogg*,
  105 F.4th 313 (5th Cir. 2024) ............................................................................................... 8

*Morgan v. Plano Indep. Sch. Dist.*,
  724 F.3d 579 (5th Cir. 2013) ............................................................................. 8, 10, 11, 12

*Pickett v. Tex. Tech. Univ. Health & Scis. Ctr.*,
  37 F.4th 1013 (5th Cir. 2022) ............................................................................................... 8

*Pro. Res. Plus v. Univ. of Tex., Austin*,
  No. 03-10-00524-CV, 2011 WL 749352 (Tex. App.—Austin 2011, no pet.) ........... 14

*Romo v. Cavender Toyota, Inc.*,
  330 S.W.3d 648 (Tex. App.—San Antonio 2010, no pet.) ...................................... 13

*Sampson v. Univ. of Tex. at Austin*,
  500 S.W.3d 380 (Tex. 2016) ................................................................................................ 9

*Sanchez v. Young County*,
  866 F.3d 274 (5th Cir. 2017) ................................................................................................ 3

*Shepherd v. Dallas County*,
    591 F.3d 445 (5th Cir. 2009) .................................................................................... 3, 4

*Tercero v. Tex. Southmost Coll. Dist.*,
    989 F.3d 291 (5th Cir. 2021) ......................................................................................... 9

*Tex. S. Univ. v. Mouton*,
    541 S.W.3d 908 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ................... 10, 11

*Town of Shady Shores v. Swanson*,
    590 S.W.3d 544 (Tex. 2019) ....................................................................................... 14

*Verastique v. City of Dallas*,
    106 F.4th 427 (5th Cir. 2024) .............................................................................. *passim*

*Worsdale v. City of Killeen*,
    578 S.W.3d 57 (Tex. 2019) .......................................................................................... 12

*Zarnow v. City of Wichita Falls*,
    614 F.3d 161 (5th Cir. 2010) ......................................................................................... 4

**Statutes**

Tex. Civ. Prac. & Rem. Code Ann. § 101.025 .......................................................... 9, 14

Tex. Civ. Prac. & Rem. Code Ann. § 101.101 ............................................................... 11

Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) ........................................................... 9

Tex. Health & Safety Code Ann. § 481.001 ................................................................. 13

Tex. Health & Safety Code Ann. § 481.1191 ................................................. 12, 13, 14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Cassandra Johnson, et al.,** | |
| Plaintiffs, | |
| v. | No. 4:24-cv-00682-O |
| **Tarrant County, et al.,** | |
| Defendants. | |

## Tarrant County's Motion to Dismiss with Brief in Support

Trelynn Wormley was an inmate in a Tarrant County jail facility who died after overdosing on fentanyl. ECF No. 19 at ¶ 2. Plaintiffs—his mother and his minor child—sued Tarrant County under Section 1983 and the Texas Tort Claims Act ("TTCA"). *See* ECF No. 19. The Consolidated Complaint fails to state a claim against the County under Section 1983, and the County is immune from suit on Plaintiffs' TTCA claim. Consequently, the Court should dismiss all claims against the County.

### Facts

Wormley was a pretrial detainee in the Tarrant County jail[1] ("Jail"). ECF No. 19 at ¶ 2. Keefe[2] is a third-party contractor who provided commissary services in the Jail. ECF No. 19 at ¶ 5. One or more Keefe employees provided fentanyl to Wormley—in violation of Keefe and County policy—who overdosed on it and died. ECF No. 19 at ¶¶ 2,

---

[1] The County has multiple jail facilities. Plaintiffs do not specify which facility housed Wormley.
[2] Plaintiffs sued Keefe Commissary Network, LLC and Keefe Group, LLC, but do not allege which entity provided commissary services in the Jail. Like Plaintiffs, the County will refer to the Keefe defendants in the collective.

1

5, 7, 81-87. Plaintiffs allege that the County had a de facto policy of allowing drugs into the Jail and, therefore, is responsible for Wormley's death. ECF No. 19 at ¶¶ 6, 8.

## 1. The Complaint fails to state a Section 1983 claim

The Court should dismiss the Plaintiffs' Section 1983 claim under Rule 12(b)(6). To avoid dismissal under that rule, Plaintiffs had to plead enough facts to state a claim that is facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff meets this burden when the pleaded facts allow a court to reasonably infer that the defendant is liable for the alleged conduct. *Howell v. Town of Ball*, 827 F.3d 515, 521 (5th Cir. 2016). In reviewing this motion, the Court accepts the "well-pled facts as true, drawing all reasonable inferences in favor of the nonmoving party." *Verastique v. City of Dallas,* 106 F.4th 427, 431 (5th Cir. 2024). But, the Court does not presume true legal conclusions, labels, threadbare recitals of the elements of a claim, conclusory statements, or naked assertions lacking factual enhancement. *Id.*

### 1.1 This is a conditions of confinement case

Plaintiffs claim the County violated Wormley's Fourteenth Amendment rights. *See* ECF No. 19 at ¶¶ 67-69. Under the Fourteenth Amendment due process clause, the County has a duty "to assume some responsibility for the safety and general well-being" of its pretrial detainees. *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996) (en banc). This includes the obligation to provide inmates with basic needs, such as medical care and protection from harm. *Id.* at 650. The Plaintiffs allege that the County breached this duty by failing to prevent drugs from entering the Jail. ECF No. 19 at ¶¶ 67-69. A plaintiff may sue for

the violation of this duty under two theories: the unconstitutional conditions of confinement or the episodic acts or omissions of individual jailers. *Sanchez v. Young County*, 866 F.3d 274, 279 (5th Cir. 2017).

To state a conditions of confinement claim[3], Plaintiffs must show 1) a rule, restriction, condition, or practice 2) that is not reasonably related to a legitimate government objective, and 3) that caused the violation of Wormley's constitutional rights. *Duvall v. Dallas County,* 631 F.3d 203, 207 (5th Cir. 2011). A condition may reflect an explicit policy but can also result from a de facto policy. *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009). A plaintiff may establish a de facto policy through an extensive or pervasive pattern of acts or omissions. *Id*.

Conversely, an episodic acts claim involves an actor "interposed between the detainee and the municipality" who violates the plaintiff's rights with deliberate indifference. *Id*. For a municipality to have liability for an episodic act, the plaintiff must show that the municipality's policy or custom permitted or caused the individual's act or omission that violated the plaintiff's rights. *Id*.

The Plaintiffs allege that the County has a "widespread pattern and practice" of "allowing deadly drugs to run rampant" throughout the Jail. ECF No. 19 at ¶ 68. They further assert that these purported policies are "not reasonably related to any legitimate government objective." ECF No. 19 at ¶ 69. Accordingly, they contend that the conditions of the Jail amounted to punishment of Wormley. *See* ECF No.

---

[3] There is "no meaningful difference" between the elements of a conditions of confinement claim and those of a *Monell* claim. *Estate of Bonilla by and through Bonilla v. Orange County*, 982 F.3d 298, 308 (5th Cir. 2020). Thus, a plaintiff who fails to satisfy a conditions of confinement claim also fails to satisfy *Monell*. *Id*.

3

19 at ¶¶ 68-69. But, they make no allegations that a particular jailer violated Wormley's rights with deliberate indifference. *See* ECF No. 19. Thus, the Complaint fails to state an episodic acts claim. *Compare Duvall*, 631 F.3d at 207 (conditions of confinement elements) *with Shepherd*, 591 F.3d at 452 (episodic acts elements). And as discussed below, the Plaintiffs also fail to state a conditions of confinement claim.

### 1.2 The County is not responsible for Wormley's drug use

The Plaintiffs blame the County for Wormley obtaining and overdosing on fentanyl. But merely reciting the elements of a claim is insufficient. *Peña v. City of Rio Grande City*, 879 F.3d 613, 618 (5th Cir. 2018). To proceed beyond the pleading state, the complaint "cannot be conclusory; it must contain specific facts" that state a plausible claim for relief. *Id.* at 622; *Verastique*, 106 F.4th at 431. At most, Plaintiffs plead conclusory allegations devoid of factual enhancement concerning 1) a de facto policy of allowing drugs into the Jail and 2) causation. Consequently, the Court should dismiss the Plaintiffs' Section 1983 claim pursuant to Rule 12(b)(6).

### 1.2.1 Plaintiffs did not establish a de facto policy of allowing drugs in the Jail

To establish a customary policy, a plaintiff must show "actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010). This requires both similarity and specificity, as "[p]rior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383

4

(5th Cir. 2005). Put simply, Plaintiffs had to identify prior incidents that point to the specific violation in question. *Verastique*, 106 F.4th at 433. They failed to meet this burden.

Plaintiffs allege that a Keefe employee provided Wormley with the fentanyl that killed him. ECF No. 19 at ¶¶ 7, 81-87. Thus, to properly plead a customary policy, the Plaintiffs had to cite sufficiently numerous prior incidents that establish that the County knew and approved of Keefe smuggling drugs into the Jail. *Estate of Davis ex rel. McCully*, 406 F.3d at 383. Plaintiffs do not allege any such prior incidents. *See* ECF No. 19. Consequently, they failed to plead a custom or policy and the Court should dismiss their Section 1983 claim.

But even if Plaintiffs do not have to plead prior incidents specifically involving Keefe, they still failed to meet their burden. While they cite thirteen deaths in a five-year period prior to Wormley's, ECF No. 19 at ¶¶ 11-23, only five of those fourteen involved drug overdoses. ECF No. 19 at ¶¶ 11-14, 20. And Plaintiffs do not allege that any of those five person obtained drugs after booking into the Jail. *See id*. Regardless, five prior incidents is not sufficiently pervasive to establish a condition of confinement. *Cadena v. El Paso County*, 946 F.3d 717, 728 (5th Cir. 2020) (holding four prior incidents not sufficiently extensive or pervasive).

Further, the prior five drug-related deaths Plaintiffs cite are so vague and conclusory that they do not rise above a speculative level. First, Plaintiffs cite the case of Billy Freeland, who died while in alcohol detoxification protocols. ECF No. 19 at ¶ 11. They do not allege that Freeland obtained alcohol while in the County jail. *Id*. That is because

5

Freeland booked into the jail while intoxicated and was immediately placed into detoxification protocol. *Freeland v. Tarrant County*, 789 F.App'x. 406, 410 (5th Cir. 2019). Plaintiffs do not plead how the complained of condition—the presence of drugs in the jail—killed Freeland. Thus, Freeland's death is insufficient to establish a customary policy.

Next, Plaintiffs allege that "Christopher Lowe was in police custody" when he died from a cocaine overdose. ECF No. 19 at ¶ 12. They do not allege that Lowe was an inmate in the Jail, or even that he was in the County's custody at the time of his death. *Id*. Further, they do not allege that Lowe obtained the cocaine that killed him while he was in County custody. *Id*. Such allegations are "[s]o vague and so conclusory" that they "do not raise a right to relief above the speculative level." *Verastique*, 106 F.4th at 432.

Plaintiffs then allege that Jennifer Espinoza died while detoxing from heroin. ECF No. 19 at ¶ 13. They do not state whether Espinoza booked into the Jail while intoxicated or if she obtained heroin after booking in. *Id*. They do not plead how the County supposedly violated Espinoza's rights—whether in how she obtained heroin or through an allegedly deficient detoxification protocol. *Id*. Consequently, their conclusory allegations are insufficient to establish a pervasive condition in the Jail. *Verastique*, 106 F.4th at 432.

Similarly, Plaintiffs allege that Derick Wynn died from methamphetamine and cocaine while in the County's custody. ECF No. 19 at ¶ 14. Once again, they fail to plead when Wynn obtained his drugs. *Id*. And they do not plead what constitutional right of Wynn's the County

6

violated. Without this information, the Court can only speculate as to whether Wynn suffered a similar alleged violation (if he suffered one at all). Thus, these conclusory allegations are insufficient to establish a pervasive condition in the Jail. *Verastique*, 106 F.4th at 432.

Last, Plaintiffs reference the death of Tyler Huffman, who died "after he appeared to be detoxing from unknown narcotics." ECF No. 19 at ¶ 20. Once more, they fail to plead that Huffman obtained his drugs while incarcerated. *Id*. And they fail to plead how the County supposedly violated Huffman's rights. *Id*. Without more, the allegations are too vague and conclusory to state a claim. *Verastique*, 106 F.4th at 432-33.

The Plaintiffs have not pled any prior incidents[4] with sufficient detail to establish that the County has a customary policy of allowing drugs into the Jail—let alone prior incidents involving Keefe. Consequently, the Consolidated Complaint fails to state a claim against the County, and the Court should dismiss it.

### 1.2.2 Plaintiffs did not link Wormley's death to a County policy

Even if the Plaintiffs pled a customary policy, they did not adequately plead causation. To do so, they had to show that the condition of confinement was the moving force behind the alleged constitutional violation. *Bonilla*, 982 F.3d at 309. This requires "a direct causal link between the alleged constitutional violation" and Wormley's death. *Id*. at 311. The connection must be more than a but for coupling between cause and effect. *Id*. (*citing Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992)).

---

[4] Plaintiffs also reference several deaths that occurred after Wormley's. *See* ECF No. 19 at ¶¶ 27-38. But "subsequent conduct cannot establish a pattern of violations." *Connick v. Thompson*, 562 U.S. 51, 63 n.7 (2011). Thus, the Court should not consider those incidents.

7

As discussed above, Plaintiffs have not adequately pled a County policy of allowing drugs to "run rampant" in the Jail (generally or through Keefe). By necessity, then, the Consolidated Complaint does not allege causation. *Harmon v. City of Arlington*, 16 F.4th 1159, 1168 (5th Cir. 2021) (no causation without underlying execution of policy). Further, Plaintiffs' conclusory insinuations about prior deaths are vague and fail to connect any specific County policy or custom to Wormley's death. Such allegations only suggest a coupling of cause and effect, which fails the standard of causation. *Bonilla*, 982 F.3d at 311.

### 2. The Court lacks jurisdiction over Plaintiffs' TTCA claims

The Plaintiffs also seek relief under the TTCA, but the Court lacks jurisdiction over those claims. A district court must dismiss a claim over which it lacks subject-matter jurisdiction, *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), which a party may challenge under Rule 12(b)(1). *McLin v. Twenty-First Judicial Dist.*, 79 F.4th 411, 415 (5th Cir. 2023). When faced with such a challenge, the plaintiff has the burden of establishing the court's jurisdiction. *Id.* The court takes the well-pleaded factual allegations as true and views them in a light most favorable to the plaintiff. *Mi Familia Vota v. Ogg*, 105 F.4th 313, 319 (5th Cir. 2024).

### 2.1 Plaintiffs' claim does not fall within the TTCA's limited waiver of immunity

In Texas, political subdivisions (including counties) generally have governmental immunity from suit. *Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 582 (5th Cir. 2013). This immunity deprives a district court of subject-matter jurisdiction, *id.*; *see Pickett v. Tex. Tech. Univ. Health & Scis. Ctr.*, 37 F.4th 1013, 1029 (5th Cir. 2022), unless

8

the Texas Legislature expressly waives that immunity by statute. *Tercero v. Tex. Southmost Coll. Dist.*, 989 F.3d 291, 297 (5th Cir. 2021). The Plaintiffs assert wrongful death and survival claims[5] under the TTCA. *See* ECF No. 1 at ¶¶ 58-66. While the TTCA contains a limited waiver of the County's immunity from suit, Plaintiffs' wrongful death and survival claims do not fall within that waiver.

The TTCA waives immunity from suit for claims of "death caused by a condition or use of personal or real property if the [County] would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.025, 101.021(2); *Harris County v. Annab*, 547 S.W.3d 609, 613 (Tex. 2018). Plaintiffs claim that deficient security allows inmates to obtain illicit drugs in the Jail and that this constitutes a defect or condition of property that proximately caused Wormley's death. ECF No. 19 at ¶¶ 71-72, 77-78. Even if the Jail had deficient security mechanisms (it does not), the Consolidated Complaint does not state a claim within the TTCA's limited waiver of immunity.

Under the TTCA, a condition of property is its state of being, which the plaintiff must show is defective or inadequate. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 388 (Tex. 2016). To fall within the TTCA's limited waiver of immunity, the property itself must cause the injury or death. *Dallas Cnty. Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998). But as the Plaintiffs admit, Wormley's drug use caused his death. ECF No. 19 at ¶¶ 2, 24. Drugs are

---

[5] The Plaintiffs also plead a claim for the "violation" of the TTCA. ECF No. 1 ¶¶ 58-62. But "the Tort Claims Act does not create a cause of action; it merely waives sovereign immunity as a bar to a suit that would otherwise exist." *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997). Accordingly, there is no cause of action for a "violation" of the TTCA.

not a "state of being" of the Jail; they are detached chattels. Plaintiffs do not allege that those drugs belonged to the County or that the County's use of drugs killed Wormley. Because the Jail itself did not cause Wormley's death, the County is immune from suit. *Bossley*, 968 S.W.2d at 343. Consequently, the Court must dismiss Plaintiffs' TTCA claim for lack of jurisdiction. *Morgan*, 724 F.3d at 582.

Plaintiffs' contention that the jail had deficient security does not save their claim. Several Texas courts have held that inadequate security is not a condition of property. In *Bossley*, a depressed man residing in a mental health facility was a known risk for suicide. 968 S.W.2d at 340. With this knowledge, the facility left a door open and unlocked, which enabled the man to escape. *Id.* at 340-41. Upon escape, the man killed himself by jumping in front of a truck. *Id.* at 341. The plaintiffs argued that the unlocked door was a condition of property that proximately caused the man's death. *Id.* at 343. The Texas Supreme Court noted that "[p]roperty does not cause injury if it does no more than furnish the condition that makes the injury possible." *Id.* Under this principle, the court held that while the unlocked door permitted the man's escape, it did not cause his death. *Id.*

In another case, a freshman at Texas Southern University died on campus when a nonstudent shot and killed him. *Tex. S. Univ. v. Mouton*, 541 S.W.3d 908, 911 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The night before, another shooting occurred at the same location. *Id.* The decedent's mother claimed that a defect in the university's property—namely inadequate security and a failure to warn her and her son about the potential threat of criminals—caused her son's death. *Id.*

10

at 913-14. The court of appeals rejected these arguments, noting that the property "merely provided the backdrop for but did not proximately cause" the student's death. *Id.* at 916. Because the assailant (and not a condition of the real property) caused the decedent's death, the TTCA did not waive the university's immunity from suit. *Id.*

This case is no different than *Bossley* or *Mouton*. The Plaintiffs claim that the Jail is unsafe because deficient security allows illegal drugs to infiltrate it. ECF No. 19 at ¶ 72. Much like the unlocked door in *Bossley* or the supposedly inadequate security in *Mouton*, the alleged infiltration of drugs into the Jail at most furnished the condition that made Wormley's death possible. But it did not cause Wormley's death—his use of fentanyl did. ECF No. 19 at ¶¶ 2, 24. Thus, the County is immune from the Plaintiffs' TTCA claim, *Bossley*, 968 S.W.2d at 343; *Mouton*, 541 S.W.3d at 916, and the Court should dismiss it for lack of jurisdiction. *Morgan*, 724 F.3d at 582.

## 2.2 Plaintiffs failed to satisfy the TTCA's jurisdictional notice requirement

Alternatively, the Court should dismiss the Plaintiffs' claim because they failed to satisfy the TTCA's jurisdictional prerequisite to suit. A district court applies Texas law to determine whether—and to what extent—the TTCA waives immunity. *Gonzales v. Mathis Indep. Sch. Dist.*, 978 F.3d 291, 295 (5th Cir. 2020). Under the TTCA, a claimant must give a notice of claim to a governmental entity within six months of the incident giving rise to the claim. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). But a claimant is excused from the notice requirement when the governmental unit has actual notice of the injury or death. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(b). This notice—

whether formal or actual—is a jurisdictional prerequisite to a suit under the TTCA. *Worsdale v. City of Killeen*, 578 S.W.3d 57, 62 (Tex. 2019).

Plaintiffs did not give formal notice under the TTCA; rather, they allege that the County had actual notice that Wormley died. ECF No. 19 at ¶ 70. But the County's knowledge that Wormley died in the Jail does not constitute actual notice under the TTCA. Knowledge alone that a death occurred "would be tantamount to having no notice requirement at all" and would eviscerate the purpose of the TTCA's notice provision. *Worsdale*, 578 S.W.3d at 63. Thus, actual notice exists only when the government has knowledge of 1) a death, 2) its alleged fault in producing or contributing to the death, and 3) the identity of the parties involved. *Id*. The Plaintiffs did not (and cannot) establish the second or third elements of actual notice.

For a governmental unit to have actual notice of a claim, it must have "subjective awareness linking the alleged injury to the alleged fault on the government's part." *Id*. As discussed above, Wormley caused his own death when he voluntarily took fentanyl. The County had no reason to believe that it caused Wormley's death, and Plaintiffs plead no facts to the contrary. Accordingly, the County did not have actual notice of the Plaintiffs' claim. *Id*. Without this notice, the Court lacks jurisdiction over the Plaintiffs' TTCA claim and must dismiss it. *Worsdale*, 578 S.W.3d at 62; *Morgan*, 724 F.3d at 582.

### 2.3 The County is immune from suit under the Controlled Substances Act

Under their TTCA count, Plaintiffs also claim that the County is liable to them under Section 481.1191(b) of the Texas Health and Safety Code, ECF No. 19 at ¶ 75, otherwise known as the Texas Controlled

Substances Act. TEX. HEALTH & SAFETY CODE ANN. § 481.001. It is unclear whether Plaintiffs a) assert a separate claim under the Texas Controlled Substances Act or b) seek that statute's remedies under the TTCA. No matter—the County is immune either way.

The Texas Controlled Substances Act provides that a person (the definition of which includes government entities) "is liable for damages" caused by the ingestion of synthetic substances if the person a) produced, distributed, or provided the substance to the other person or b) aided someone else in doing so. TEX. HEALTH & SAFETY CODE ANN. §§ 481.1191(b), 481.002(33) (definition of person). This language does not waive the County's immunity from suit. *See Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 844-49 (Tex. 2009) (statutory language "assumes liability" and "is liable for" is insufficient to waive governmental immunity from suit); *Romo v. Cavender Toyota, Inc.*, 330 S.W.3d 648, 652-53 (Tex. App.—San Antonio 2010, no pet.) (statutory language that tax assessor-collector "is liable for damages" for failing to comply with legal obligations does not waive immunity from suit). Because Section 481.1191(b) does not waive the County's immunity from suit, *see id.*, Plaintiffs cannot recover under it.

Even if there were a question as to whether the language in subsection (b) waives the County's immunity from suit, subsection (f) definitively answers that question in the negative. That subsection provides that liability attaches only if the conduct 1) is actionable under Subchapter E of the Deceptive Trade Practices Act and 2) is subject to the remedies prescribed in that statute. TEX. HEALTH & SAFETY CODE ANN. § 481.1191(f). Governmental entities are immune from suit on

13

Deceptive Trade Practices Act claims. *City of Wylie v. Taylor*, 362 S.W.3d 855, 865 (Tex. App.—Dallas 2012, no pet.); *Kojo Wih Nkansah v. Univ. of Tex. at Arlington*, No. 02-10-00322-CV, 2011 WL 4916355, at *4 (Tex. App.—Fort Worth 2011, pet. denied) (mem. op.); *Pro. Res. Plus v. Univ. of Tex., Austin*, No. 03-10-00524-CV, 2011 WL 749352, at *1 (Tex. App.—Austin 2011, no pet.) (mem. op.). Because the County cannot be sued under the DTPA, *id.*, it does not have liability under the Texas Controlled Substances Act. TEX. HEALTH & SAFETY CODE ANN. § 481.1191(f). Consequently, the County is immune from Plaintiffs' claim under the Texas Controlled Substances Act.

The Plaintiffs cannot recover the Texas Controlled Substances Act's remedies under the TTCA either. The TTCA waives immunity from suit only to "the extent of liability created by [the TTCA]." TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a). And the TTCA authorizes a person to sue only "for damages allowed by [the TTCA]." TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(b). Only one statute creates civil liability for the production, distribution, sale, or provision of synthetic substances—the Texas Controlled Substances Act. TEX. HEALTH & SAFETY CODE ANN. § 481.1191(b). Because the TTCA does not create that liability, it does not waive the County's immunity from Plaintiffs' claims under the Texas Controlled Substances Act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.025; *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 554-55 (Tex. 2019) (waiver of immunity extends only to remedies statute expressly affords).

## Conclusion

The Complaint fails to state a Fourteenth Amendment claim against the County, and the County is immune from Plaintiffs' state law claims. For these reasons, the Court should dismiss all claims against the County.

Respectfully submitted,

PHIL SORRELLS
Criminal District Attorney
Tarrant County, Texas

s/ Stephen A. Lund
STEPHEN A. LUND
Assistant Criminal District Attorney
State Bar No. 24086920
Tim Curry Criminal Justice Center
401 West Belknap, 9th Floor
Fort Worth, Texas 76196-0201
(817) 884-1233 – Telephone
(817) 884-1675 – Facsimile
Email: salund@tarrantcountytx.gov

**Attorney for Tarrant County**

## Certificate of Service

On December 20, 2024, I served a copy of the above document on all counsel of record via ECF pursuant to Fed. R. Civ. P. 5.

s/ Stephen A. Lund
STEPHEN A. LUND

15