IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CASSANDRA JOHNSON, individually, | § | |
| and, As Representative of the Estate | § | |
| of Decedent TRELYNN D'MAUN | § | |
| WORMLEY; and ARYANNA STAFFORD, | § | |
| As Next Friend of M.P., a Minor, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-00682-O |
| | § | |
| TARRANT COUNTY, TEXAS, | § | |
| | § | |
| *Defendant.* | § | |

---

**PLAINTIFFS' RESPONSE TO DEFENDANT TARRANT COUNTY'S MOTION TO DISMISS**

---

TO THE HONORABLE JUDGE OF SAID COURT,

COMES NOW, Plaintiff Cassandra Johnson, individually, and as Representative of the Estate of Decedent Trelynn D'Maun Wormley ("Plaintiff" or "Wormley"), and Aryanna Stafford, as Next Friend of M.P., a Minor (collectively, "Plaintiffs"), and files this, their Response to Defendant Tarrant County's Motion to Dismiss with Brief in Support (Dkt. No. 22, the "Motion"), and in support thereof would respectfully show the Court as follows:

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ 3
SUMMARY OF THE ARGUMENT .......................................................................................... 5
   I.    RULE 12(B)(6) STANDARD ............................................................................................ 5
   II.   ARGUMENTS AND AUTHORITIES ............................................................................. 7
      A.  Plaintiff's Complaint Properly Pleads Section 1983 Claim ............................................ 7
         1.   Plaintiffs' Complaint Sufficiently Alleges Facts From Which a Policy or Practice Can Plausibly Be Inferred. ....................................................................................... 7
         2.   Plaintiffs' Complaint Plausibly Alleges that the Policies in Question were the Moving Force Behind the Violation of Plaintiffs' Constitutional Rights. ................ 10
      B. Plaintiffs' Claim Falls Within the TTCA's Waiver of Immunity ....................................... 11
   III.  CONCLUSION ................................................................................................................ 12
CERTIFICATE OF SERVICE .................................................................................................. 13

# **TABLE OF AUTHORITIES**

## *Cases*

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................ 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................ 5

*Buttross v. Great Lakes Ins. SE*,
   No. 1:22-CV-00086-BU, 2022 WL 16749045 (N.D. Tex. Oct. 14, 2022) ............................... 5

*Cadena v. El Paso Cnty*,
   946 F.3d 717 (5th Cir. 2020) ................................................................................................... 7

*Doe v. Beaumont Indep. Sch. Dist.*,
   615 F. Supp. 3d 471 (E.D. Tex. 2022) .................................................................................... 5

*Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*,
   894 F.3d 665 (5th Cir. 2018) ................................................................................................... 5

*Guillot on behalf of T.A.G. Russel*,
   59 F.4th 743 (5th Cir. 2023) ................................................................................................... 7

*Holland v. City of Houston*,
   41 F. Supp. 2d 678 (S.D. Tex. 1999) .................................................................................... 10

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*,
   507 U.S. 163 (1993) ................................................................................................................ 6

*May v. City of Arlington, Tex.*,
   398 F. Supp. 3d 68 (N.D. Tex. 2019) ..................................................................................... 6

*Montano v. Orange Cnty., Tex.*,
   842 F.3d 865 (5th Cir. 2016) ................................................................................................... 7

*R. & R. adopted*,
   No. 1:22-CV-086-H-BU, 2022 WL 16752849 (N.D. Tex. Nov. 7, 2022) ............................... 5

*Russell v. City of Houston*,
   808 F. Supp. 2d 969 (S.D. Tex. 2011) ................................................................................... 11

*Ryder Integrated Logistics, Inc. v. Fayette Cnty*,
   453 S.W.3d 922 .................................................................................................................... 10

*Sanchez v. Gomez*,

    283 F. Supp. 3d 524 (W.D. Tex. 2017) ............................................................................... 9

*Sanchez v. Young Cnty.*,

    956 F.3d 785 (5th Cir. 2018) ............................................................................................... 7

*Sims v. City of Jasper, Tex.*,

    543 F. Supp. 3d 428 (E.D. Tex. 2021) ................................................................................ 8

*Tanglewood E. Homeowners v. Charles-Thomas, Inc.*,

    849 F.2d 1568, (5th Cir. 1988) (quoting *Sosa v. Coleman*, 646 F.2d 991, (5th Cir. 1981)) ........ 4

*Univ. of N. Tex. v. Harvey*,

    Tex. App. —Fort Worth 2003 ........................................................................................... 10

### *Codes*

Tex. Civ. Prac. & Rem. Code Ann. § 101.025 ................................................................... 10

Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) ............................................................... 10

### *Rules*

Fed. R. Civ. P. 8(A) .............................................................................................................. 5

## SUMMARY OF THE ARGUMENT

This case stems from a tragic death of a Tarrant County jail inmate, Trelynn D'Maun Wormley, who suffered at the hands of Tarrant County. While awaiting trial, Wormley was found unresponsive in his cell after ingesting fentanyl. He was later pronounced dead at the emergency room due to the toxic effects of fentanyl. Unfortunately, the kind of death Wormley suffered is all too common at Tarrant County jail. These deaths are results of widespread patterns and practices of Tarrant County, such that the County must be held accountable. Tarrant county as failed to (1) implement procedures to prevent drugs from entering its jail facilities, and (2) to adequately protect those with substantially higher risk of drug abuse. These kinds of practices must end with Wormley.

Defendant Tarrant County's Motion to Dismiss should be denied for Plaintiffs' 1983 and wrongful death and survival claims under the Texas Tort Claims Act because (1) Plaintiffs have sufficiently pleaded a de facto policy of allowing drugs into the jail, (2) this official policy was the moving force behind Wormley's death, and (3) the inadequate security and processes in Tarrant County facilities caused Wormely's death.

### I.   RULE 12(B)(6) STANDARD

"A motion to dismiss for failure to state a claim 'is viewed with disfavor, and is rarely granted.'" *Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988) (quoting *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981)). The purpose of Rule 12(b)(6) motion to dismiss is to test the formal sufficiency of a complaint, not to decide the merits of the case. *See Buttross v. Great Lakes Ins. SE*, No. 1:22-CV-00086-BU, 2022 WL 16749045, at *3 (N.D. Tex. Oct. 14, 2022, *R. & R. adopted*, No. 1:22-CV-086-H-BU, 2022 WL 16752849 (N.D. Tex. Nov. 7, 2022) (stating that the motion is not to be used as "a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case"). To be granted,

a motion to dismiss under Rule 12(b)(6) must establish that the complaint fails to meet the liberal notice pleading standard of Rule 8(a)(2), which merely requires, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The 12(b)(6) "pleading standard should not be robotically applied, however, so as to overwhelm a plaintiff's right to adjudicate her claim on the merits." *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 486 (E.D. Tex. 2022). As such, in reviewing a 12(b)(6) motion to dismiss, courts must have an "affirmative duty to ask whether it 'appears *certain*' that plaintiff '*cannot* prove *any* set of facts' that would entitle her to legal relief." *Id.* (quoting *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 251 (5th Cir. 2006) (emphasis in original).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept as true all facts alleged in a plaintiff's complaint and must draw all reasonable inferences in favor of the plaintiff. *See Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018). When the factual matter contained within the complaint, accepted as true, states a claim for relief that is plausible on its face, a Court must deny a motion to dismiss under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) A complaint has a facial plausibility when it allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See id.* The allegations need not contain detailed, factual allegations, and the right to relief need not be probable. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the "allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Id.* Additionally, it is well established that Section 1983 claims are not subject to a higher pleading standard. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) (holding that, "[a] federal court may not apply a 'heightened pleading standard'—more stringent than the usual pleading

requirements of Federal Rule of Civil Procedure 8(a)—in civil rights cases alleging municipal liability under § 1983").

## II.   ARGUMENTS AND AUTHORITIES

### A.   Plaintiff's Complaint Properly Pleads Section 1983 Claim

To survive a 12(b)(6) motion to dismiss a claim for municipal liability under Section 1983, a plaintiff need only "set forth facts, or those from which the court can reasonable infer that: '(1) an official policy; (2) promulgated by the municipal policymaker; (3) was the moving force behind the violation of a constitutional right.'" *May v. City of Arlington, Tex.*, 398 F. Supp. 3d 68, 78 (N.D. Tex. 2019), *supplemented*, No. 3:16-CV-1674-L, 2019 WL 1429662 (N.D. Tex. Mar. 28, 2019) (quoting *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017)). A plaintiff is not required to "offer proof of his or her allegations at the pleading stage." *Id.* Plaintiffs' Complaint clearly meets this standard because the Court can reasonable infer that (1) Tarrant County had an official policy of allowing drugs into its facilities and failing to protect its detainees, (2) this policy was promulgated by the municipal policymaker, the Tarrant County Sheriff, and (3) this policy was the moving force behind the constitutional violation of Wormley's Fourteenth Amendment rights.

### 1.   *Plaintiffs' Complaint Sufficiently Alleges Facts From Which a Policy or Practice Can Plausibly Be Inferred.*

Defendant characterizes Plaintiffs' claims brought under 42 U.S.C. § 1983 solely as a conditions of confinement claim. *See* ECF No. 22 at p. 2-4. While Plaintiff has adequately pled a conditions of confinement claim, Defendant fails to address Plaintiffs' failure to protect claim. Specifically, Plaintiffs plead that "[t]he Fourteenth Amendment guarantees pre-trial detainees, such as Mr. Wormley, the right to protection from harm while in Tarrant County's custody and requires that Tarrant County assume responsibility for the safety and well-being of its pre-trial

detainees such as Mr. Wormley." ECF No. 19 ¶ 67. The two are not to be considered in isolation but in tandem with one another. *Sanchez v. Young Cnty.*, 956 F.3d 785, 795 (5th Cir. 2018) (quoting *M.D. ex rel. Stukenberg v. Abbott*, 907 F.3d 237, 254 (5th Cir. 2018)) ("We do not require a plaintiff to show that a 'policy or practice [was] the *exclusive* cause of the constitutional deprivation.'")

Plaintiffs sufficiently plead a de facto policy because they state sufficient facts from which the Court may infer that Tarrant County had a widespread policy of allowing drugs into its facilities. A de facto policy is established when "a persistent widespread practice that, although not authorized by an officially adopted policy, is so common and well settled as to constitute a custom that fairly represents a municipal policy." *Guillot on behalf of T.A.G. Russel*, 59 F.4th 743, 752 (5th Cir. 2023) (citing *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984)).

Here, Plaintiffs allege that thirteen individuals died during a five year period at the hands of Tarrant County. ECF No. 19 at ¶¶ 11-24. Tarrant County contends that because only five of these incidents involve drug overdoses, this cannot constitute an official policy.[1] Indeed, a de facto policy can be shown absent specific examples of other incidents who suffered the same fate as a result of the de facto policy. *See Montano v. Orange Cnty., Tex.*, 842 F.3d 865 (5th Cir. 2016) (holding that specific examples of other instances of other detainees who suffered the same fate as Montano as a result of the de facto policy was not needed when the evidence was sufficient for a juror to infer a de facto policy). Further, Tarrant County ignores the other seven deaths that involve individuals with severe mental health problems that Tarrant County consistently failed to protect. Further, Plaintiffs allege that Tarrant County knew drug use was present in its facilities because of

---

[1] The case Tarrant County cites for this proposition is on review of a summary judgment motion, not a motion to dismiss, thus applying a completely different standard. *See Cadena v. El Paso Cnty*, 946 F.3d 717, 728 (5th Cir. 2020).

a report that "[o]fficers on the scene . . . did mention that housing unit was known for narcotic use." ECF No. 19 at ¶ 40. Plaintiffs allege that Aliyah Lyles was arrested after smuggling drugs into a Tarrant County facility, and that Lyles was "directly connected by the Sherriff to Mr. Wormley's death." ECF No. 19 at ¶ 41. Plaintiffs allege a number of incidents in which it was discovered that officers brought prohibited items into Tarrant County facilities. ECF No. 19 ¶ 42-44. Specifically, Plaintiffs allege that Tarrant County had issues a memo recognizing the "introduction and movement of contraband in the secured facilities." Lastly, Plaintiffs allege that the Criminal Investigation Division ("CID") conducted an investigation into the presence of narcotics in Tarrant County facilities and described CID's findings of how drugs are entering the jails. ECF No. 19 at ¶¶ 50-53. These allegations show the plausibility of Tarrant County's policy in allowing contraband into its facilities that inevitably leads to violations of constitutional rights.

Plaintiffs pleaded a de facto policy because Plaintiffs showed Tarrant County's failure to take remedial action. A failure to take remedial action indicates acquiescence to the misconduct such that a jury could conclude that it represents official policy. *See Sims v. City of Jasper, Tex.*, 543 F. Supp. 3d 428, 450 (E.D. Tex. 2021) *aff'd sub nom*. *Sims v. Griffin*, 35 F.4th 945 (5th Cir. 2022 and *aff'd*, 117 F.4th 283 (5th Cir. 2024) (internal citations omitted).

Here, Plaintiffs plead that the misconduct occurring in the Tarrant County's facilities led to zero arrests and meaningful charges. ECF No. 19 at ¶ 57. The failure of Tarrant County to take any remedial action shows its de facto policy of allowing drugs into its facilities, and its inadequate procedures in preventing drugs from coming into the hands of its detainees.

Therefore, these allegations, together with the numerous deaths of individuals in Tarrant County custody, rise above mere speculation that Tarrant County had a widespread practice of allowing drugs into its facilities.

> ### 2. *Plaintiffs' Complaint Plausibly Alleges that the Policies in Question were the Moving Force Behind the Violation of Plaintiffs' Constitutional Rights.*

To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs need only allege that Defendant's had the requisite degree of culpability, and that there is a causal link between Defendant's actions and the deprivation of Plaintiffs' rights. *See Sanchez v. Gomez*, 283 F. Supp. 3d 524, 539 (W.D. Tex. 2017). To properly plead the existence of a "causal link," plaintiff "need only provide enough facts to allow the Court to make a plausible inference that the policy was the moving force behind the harm in this case." *See id.*

Plaintiffs Complaint has plausibly pleaded that Tarrant County's actions were the moving force behind Wormley's constitutional violations. ECF No. 19 at ¶¶ 45-46, 50-56. Here, Plaintiffs allege that an officer brought several prohibited items into a Tarrant County secure area, that an officer brought unauthorized chemicals to an inmate, and that Tarrant County employees violated rules concerning having prohibited items in the secured areas of the jail. ECF No. 19 at ¶¶ 41-44. Additionally, Plaintiffs allege that Tarrant County was aware that Wormley had mental health issues and was susceptible to substance abuse based on paperwork that Wormley filled out directly with Tarrant County. ECF No. 19 at ¶ 47. Lastly, Plaintiffs plead that at least five officers were suspected of aiding inmates in bringing drugs into Tarrant County jails, and that drugs were being smuggled into the jail via attorney visitation booths and document/slip booths. ECF No. 19 at ¶ 53-54.

Therefore, these facts allow the Court to make a plausible inference that Tarrant County's policies in allowing drugs into its facilities, and its inadequate procedures in preventing drugs from coming into its facilities were the moving forces behind Wormley's death. This Court should deny Defendant's Motion to Dismiss Plaintiffs' claim for municipal liability under Section 1983.

B.  **Plaintiffs' Claim Falls Within the TTCA's Waiver of Immunity**

Tarrant County is not immune under the Texas Tort Claims Act ("TTCA"). In determining whether jurisdiction exists, courts "look to the allegations in the pleadings, accept them as true, and construe them in favor of the pleader." *Univ. of N. Tex. v. Harvey*, Tex. App. —Fort Worth 2003, pet. denied) (citing *Tex. Ass'n of Bus. V. Tex. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993)). The TTCA waives immunity from suit for claims of "death caused by a condition or use of personal or real property if the [County] would were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. §§ 101.025, 101.021(2); *Ryder Integrated Logistics, Inc. v. Fayette Cnty*, 453 S.W.3d 922. The injury must have been proximately caused by the condition or use of the property. *See Holland v. City of Houston*, 41 F. Supp. 2d 678, 711 (S.D. Tex. 1999).

Here, Plaintiffs' allegations directly implicate Tarrant County's use, and misuse, of its security systems, which can be seen and handled, thus constituting tangible property for purposes of § 101.021(2) of the Texas Tort Claims Act. Specifically, Plaintiffs allege that CID's investigation revealed the facility allows drugs in through the attorney visitation booth and the document port/slip booth. ECF No. 19 at ¶ 53. Further, the drugs are being passed around the jail facilities due to "blind spots" in security throughout the jail. ECF No. 19 at ¶ 54. These facts demonstrate a plausible inference that Tarrant County's defective security is the cause of Wormley's death in allowing drugs into its facilities.

Tarrant County contends that because the jail itself did not cause Wormley's death, it is immune from suit. ECF No. 22 at p. 10. Specifically, Tarrant County contends that Wormley caused his own death by ingesting fentanyl. ECF No. 22 at p. 10. This sort of direct causation is not the standard for waiver of immunity under the Texas Tort Claims Act. On the contrary, the injury must

have been *proximately* caused by the condition or use of the property. *See Holland*, 41 F. Supp. 2d at 711 (emphasis added). It is enough for waiver of immunity that the government entity knows it creates an opportunity for its wrongful conduct. In *Russell*, the plaintiff's claims focused on the City of Houston's use of property in entrusting an officer with a previous sexual assault with a car, badge, gun, and handcuffs. *Russell v. City of Houston*, 808 F. Supp. 2d 969, 974 (S.D. Tex. 2011) The plaintiff In *Russell* alleged that this negligent conduct meant the City knew or should have known that it created an "opportunity, means, and private location for [Rodriguez's] assault on Plaintiff." *Id.* (citing *Centamore v. City of Houston,* 9 F. Supp. 2d 717, 725 (S.D.Tex.1997)). Plaintiffs sufficiently allege that it was foreseeable for Tarrant County that its inadequate security would lead to drugs entering its facilities that inevitably end up in the hands of inmates, many of whom are susceptible to drug use due to mental illness. ECF No. 19 at ¶¶ 47-54.

Therefore, Tarrant County is not immune under the TTCA because Plaintiffs have sufficiently pleaded that it had unsecure and unsafe security systems that allowed drugs to easily enter its facility, thereby causing Wormley's death.

After considering Tarrant County's arguments concerning its immunity under the Texas Health and Safety Code section 481.1191, Plaintiffs acknowledge the County's immunity from liability and agree to amend Count Two to remove paragraphs 75 and 76.

### III. CONCLUSION

Plaintiffs have sufficiently pleaded causes of action under section 1983 and the wrongful death and survival claims through the Texas Tort Claims Act. Therefore, Plaintiffs respectfully request that the Court deny Defendant Tarrant County's Motion to Dismiss Plaintiffs' section 1983 and wrongful death and survival claims through the Texas Tort Claims Act.

Respectfully submitted,

**MCCATHERN, PLLC**

*/s/Carl L. Evans, Jr.*
Carl L. Evans, Jr.
State Bar No. 24056989
cevans@mccathernlaw.com
Alizabeth A. Guillot
State Bar No. 24138578
aguillot@mccathernlaw.com
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
(214) 741-2662 Telephone

**BEN CRUMP LAW, PLLC**
Paul A. Grinke
State Bar No. 24032255
paul@bencrump.com
Aaron Dekle
State Bar No. 24100961
aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034
(972) 942-0494 Telephone

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

On January 10, 2025, a true and correct copy of the above document was served on all counsels of record via ECF pursuant to Fed. R. Civ. P. 5.

*/s/Carl Evans*
Carl L. Evans